UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THURMAN GAINES,<br><br>        Plaintiff,<br><br>vs.<br><br>DR. E. HOROWITZ and DR. R. RUDAS,<br><br>        Defendants. | Case No. 1:15-cv-00587-RRB<br><br>**<u>SECOND DISMISSAL ORDER</u>** |

At **Docket 15** Plaintiff Thurman Gaines, a California state prisoner appearing *pro se* and *in forma pauperis*, filed his Amended Complaint ("FAC"). Gaines brings this civil rights action under the Civil Rights Act (42 U.S.C. § 1983) against two physicians employed by the California Department of Corrections and Rehabilitation.[1] Gaines is currently housed at the California Institute for Men, Chino, California. The acts underlying the Complaint occurred at the Mule Creek State Prison ("MCSP"), Ione, California.

## I.     SCREENING REQUIREMENT

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2] Having set

---

[1] In addition to Drs. Horowitz and Rudas, Gaines named as Defendants in this original Complaint: the California Department of Corrections and Rehabilitation; L.D. Zamora, Chief, Medical Appeals; T. Byers, PA; S. Cornell, RN; Correctional Officer Greenwall; and Correctional Officer Mayberry. In his First Amended Complaint Gaines has omitted any allegations as against those Defendants. Accordingly, the Court assumes that Gaines has abandoned for the purposes of this action any claims against those Defendants.

[2] 28 U.S.C. § 1915A(a).

forth the standard for screening prisoner complaints in its prior Dismissal Order,[3] the Court does not repeat them here.

## II.   GRAVAMEN OF AMENDED COMPLAINT

The factual basis for Gaines' Complaint encompasses some 49 paragraphs. Reduced to their essence Gaines' FAC is based upon three acts: (1) the refusal of Dr .Horowitz to continue a prescription for Tramadol, a pain reliever, on or about March 15, 2014;[4] (2) the refusal of Dr. Rudas on June 30, 2014, to initiate the process to change Gaines' housing to lower bunk and lower tier;[5] and (3) the refusal of Dr. Horowitz to grant Gaines lower tier – lower bunk housing restrictions on June 3, 2014.[6] Subsequently, on or about July 20, 2014, Gaines' leg went numb and he fell down the stairs, injuring his lower back for which he was treated at Sutter Amador Hospital.[7]

Gaines further alleges that on July 23, 2014, Dr. Horowitz completed a Disability Placement Program Verification and provided Gaines with a Chrono for ground floor housing, bottom bunk, a single point cane, a mobility vest, and a no-stairs restriction.[8] Gaines also refers to treatment by a nurse practitioner regarding his medication and further treatment (physical therapy and a MRI) on July 25, 2014.[9] The balance of the factual

---

[3] Docket 10.

[4] Docket 15, ¶¶ 14–21.

[5] *Id.*, ¶¶ 22–29.

[6] *Id.*, ¶¶ 30–32, 50–54.

[7] *Id.*, ¶ 33–37.

[8] *Id.*, ¶¶ 39–40.

[9] *Id.*, ¶¶ 41–43.

allegations appear to refer to administrative grievances related to the question of Gaines' medication.[10]

Based upon those allegations, Gaines asserts five claims.

<u>First Claim for Relief</u>: In refusing to address Gaines' need for ground floor housing Defendants Horowitz and Rudas violated his Eighth Amendment rights by depriving Gaines of adequate medical care.

<u>Second Claim for Relief</u>: Defendants Horowitz and Rudas violated his Eighth Amendment rights by refusing to provide him reasonably adequate medical care, i.e., Gaines' right to Disability Placement Program verification.

<u>Third Claim for Relief</u>: Defendants Horowitz and Rudas were negligent in failing to address Gaines' housing needs.

<u>Fourth Claim for Relief</u>: Defendants Horowitz and Rudas were negligent by wilfully misleading Gaines in stating that they couldn't do anything about his housing assignment.

<u>Fifth Claim for Relief</u>: By discontinuing Gaines' pain medication for months Defendant Horowitz breached her duty to provide adequate and reasonable medical care.

## III. DISCUSSION

The Supreme Court, holding that the infliction of unnecessary suffering on prisoners violated the Eighth Amendment, stated:

> [D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally

---

[10] *Id.*, p.2; ¶¶ 44–50.

interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.[11]

In *Estelle* the Supreme Court distinguished "deliberate indifference to serious medical needs of prisoners," from "negligen[ce] in diagnosing or treating a medical condition," holding that only the former violates the Constitution.[12] In short, Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety."[13]

In determining deliberate indifference, the court scrutinizes the particular facts and looks for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect.[14] The Ninth Circuit has spoken to the subject of the appropriate test under *Estelle*:

> In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong - defendant's response to the need was deliberately indifferent - is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Yet, an inadvertent [or negligent] failure to provide adequate medical care alone does not state a claim under § 1983. A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs. If the harm is an

---

[11] *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976) (footnotes, internal quotation marks and citations omitted).

[12] *Id.* at 106.

[13] *Whitley v. Albers,* 475 U.S. 312, 319 (1986).

[14] *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

isolated exception to the defendant's overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference.[15]

"Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."[16] A mere difference of medical opinion regarding the course of medical treatment is "insufficient as a matter of law, to establish deliberate indifference."[17]

A defendant must purposely ignore or fail to respond to a prisoner's pain or medical need in order for deliberate indifference to be established. Where the claim is based upon delay in providing a specified treatment, a prisoner has no claim for deliberate medical indifference unless the delay was harmful.[18]

It is clear that Gaines' Third, Fourth, and Fifth Claims for Relief, based upon mere negligence, do not satisfy the standard for deliberate indifference. Accordingly, those claims must be dismissed. Furthermore, inasmuch as Gaines cannot truthfully plead facts

---

[15] *Jett v. Penner*, 429 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks and citations omitted).

[16] *Toguchi v. Chung*, 391 F. 3d 1051, 1060 (9th Cir. 2004); *see Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (stating that even gross negligence is insufficient to establish a constitutional violation); *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam) (noting mere indifference, medical malpractice, or negligence do not support a cause of action under the Eighth Amendment).

[17] *Toguchi*, 391 F.3d at 1059–60 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)); *Franklin v. State of Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) (noting, also, that a disagreement between a prisoner and a medical professional over the most appropriate course of treatment cannot give rise to a viable claim of deliberate indifference).

[18] *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

sufficient to warrant the granting of relief by this Court, dismissal of those three counts will be without leave to amend.[19]

Tramadol Prescription. In light of the five specific claims for relief asserted, the relevance of the failure of Dr. Horowitz to continue to prescribe the drug Tramadol is unclear. Furthermore, as presently pleaded, the allegations with respect to prescribing Tramador simply plead a disagreement with the course of treatment between Gaines and the physician. This is insufficient as a matter of law to support a claim.[20] Accordingly, that claim must be dismissed. It also appears that Gaines cannot truthfully plead sufficient facts to support a viable claim based upon that refusal. Therefore, dismissal of this claim will also be without leave to amend.

Lower Tier/Lower Bunk. Gaines does adequately plead the basic elements for a deliberate indifference claim arising out of the refusal to order assignment to lower bunk/lower tier. Because for the reason set forth below the First Amended Complaint must be dismissed, the Court notes the following apparent inconsistency in the FAC. Gaines' allegations against Dr. Rudas arise out Gaines' treatment on June 30, 2014. With respect to the allegations against Dr. Horowitz, although in the context pleaded it appears that Dr. Horowitz's refusal to order lower tier/lower bunk status occurred *after* Dr. Rudas' refusal, Gaines pleads that it occurred, June 3, 2014, prior to Dr. Rudas' refusal. If this is a mere typographically error, i.e., June 3 instead of the correct date of July 3, because it

---

[19] See Hartman v. California Dept. of Corr. and Rehab., 707 F.3d 1141, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); Lopez v. Smith, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (explaining that leave to amend should be given unless amendment would be futile).

[20] Franklin, 662 F.2d at 1344.

SECOND DISMISSAL ORDER
Gaines v. CDCR, 1:15-cv-00587-RRB – 6

may have a significant impact on the potential liability of one of the physicians, Gaines should make that correction in amending his complaint.

<u>Exhaustion</u>. Gaines refers to what appears to be administrative appeals regarding drug prescriptions, specifically Tramadol[21] and Gabapentine versus Methadon.[22] The instructions of the Court in granting him leave to appeal notwithstanding, Gaines has not attached as exhibits the documents related to those administrative appeals. The failure of Gaines to follow the instructions of the Court warrants dismissal of the action.[23] The Court notes that from the allegations contained in the FAC it appears more likely than not that Gaines has not exhausted his administrative remedies with respect to his claims to the extent they are based upon the failure to grant Gaines lower tier/lower bunk status.[24]

Gaines is reminded that, although not jurisdictional, exhaustion is nonetheless mandatory, and there is no discretion to excuse it.[25] Although exhaustion is an affirmative defense that places the burden on the defense, should it be raised and established, the action will be dismissed and may constitute a "strike" under the "three-strikes" rule.[26]

## IV.   ORDER

The Third, Fourth, and Fifth Claims for Relief are hereby **DISMISSED** in their entirety without leave to amend.

---

[21]  Docket 15, ¶ 21.

[22]  *Id.*, ¶¶ 44–50.

[23]  *See* Fed. R. Civ. P. 41(b).

[24]  *See, e.g., Griffin v. Arpaio*, 557 F.3d 1117, 1120–21 (9th Cir. 2009).

[25]  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

[26]  28 U.S.C. § 1983(g).

The First and Second Claims for relief are **DISMISSED** with leave to amend. Gaines is granted through and including **March 31, 2016**, within which to file his Second Amended Complaint. In preparing his Second Amended Complaint Gaines must comply with the instructions previously given by the Court in dismissing his Complaint.[27] *In particular, Gaines should attach to the complaint all documents evidencing that he has properly exhausted his administrative remedies*.

**IT IS SO ORDERED** this 10th day of February, 2016.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[27] Docket 10.