UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| THURMAN GAINES,<br><br>        Plaintiff,<br><br>vs.<br><br>DR. E. HOROWITZ,<br><br>        Defendant. | Case No. 1:15-cv-00587-RRB<br><br>**ORDER RE;<br>APPOINTMENT OF COUNSEL** |
|---|---|

At **Docket 23** Plaintiff Thurman Gaines, a California state prisoner appearing *pro se* and i*n forma pauperis*, has moved through *amicus curae* for the appointment of counsel.

The record in this case reveals that in screening the Complaint the Court allowed Gaines to proceed on his deliberate medical indifference claim against Dr. E. Horowitz.[1] As presently constituted Gaines' action presents two issues: (1) a medical deliberate indifference claim; and (2) the threshold issue of whether Gaines properly exhausted his administrative remedies prior to bringing this action. Gaines has returned the service documents and they have been forwarded to the U. S. Marshal for service.[2] Service has not yet been completed.

Gaines suffers from several disabilities: degenerative bone disease in the lumbar of the spine; arthritis in the hip and knees; hypertension; and Hepatitis-C. Gaines also has

---

[1] Docket 20.

[2] Docket 22.

a learning disability with a TABE Score below 5.0, no high school diploma or GED, with difficulty reading and understanding.

Generally, a state prisoner has no right to counsel in civil actions.[3]  However, "[t]he Court may request an attorney to represent any person unable to afford counsel."[4]  The Ninth Circuit has limited the application of that provision to exceptional circumstances, stating: "When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these considerations is dispositive, instead they must be viewed together."[5]  As the Court noted in its Screening Order, it appears likely that Gaines has not properly exhausted his administrative remedies with respect to his medical deliberate indifference claim against Dr. Horowitz. Exhaustion is a very narrow issue decided by the Court as a matter of law on the administrative records maintained by the California Department of Corrections and Rehabilitation, upon which the Defendant bears the burden of both production and proof.[6]

The availability of *pro bono* counsel to represent indigent prisoners is limited.  While this Court is not unmindful of the value of the assistance of counsel, both to Plaintiff and

---

[3]  *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981) (holding that there is no constitutional right to appointed counsel for § 1983 claims).

[4]  28 U.S.C. § 1915(e)(1).

[5]  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citations and internal quotation marks omitted).

[6]  *Jones v. Bock*, 549 U.S. 199, 212–17 (2007); *Albino v. Baca*, 747 F3d 1162, 1166, 1168 (9th Cir. 2014) (en banc).

the Court itself, at this time this is not a case in which it is necessary for the Court to assist Gaines in seeking the assistance of counsel.

Accordingly, the Request for Appointment of Counsel at **Docket 23** is **DENIED** without prejudice to renewal by Gaines should this action survive a motion to dismiss for failure to exhaust administrative remedies.

**IT IS SO ORDERED** this 3rd day of August, 2016.

S/ RALPH R. BEISTLINE<br>
UNITED STATES DISTRICT JUDGE