1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THURMAN GAINES,<br><br>          Plaintiff,<br><br>     v.<br><br>CALIFORNIA DEPT. OF CORRECTIONS,<br>et al.,<br><br>          Defendants. | Case No.  1:15-cv-00587-LJO-SAB (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AND MOTION TO MODIFY THE SCHEDULING ORDER<br><br>(ECF Nos. 33, 37)<br><br>THIRTY DAY DEADLINE |

Plaintiff Thurman Gaines, a state prisoner, is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is Defendant Horowitz's motion to compel and motion to modify the scheduling order.

## I.

## PROCEDURAL HISTORY

Plaintiff filed a complaint in this action on April 16, 2015.  (ECF No. 1.)  Plaintiff's complaint and first amended complaint were dismissed for failure to state a claim on September 11, 2015, and February 11, 2015, respectively.  (ECF Nos. 10, 16.)  On April 14, 2016, Plaintiff's second amended complaint was screened, and this action is proceeding against Defendant Horowitz for deliberate indifference.  (ECF No. 20.)  Defendant Horowitz filed an answer to the complaint on August 18, 2016.  (ECF No. 27.)

On August 18, 2016, the scheduling order issued setting the pretrial deadlines in this action. (ECF No. 28.)  On September 9, 2016, a modified scheduling order was filed.  (ECF No. 30.)  On November 1, 2016, Defendant filed a motion to compel and a motion for a thirty day extension of time to file a motion for summary judgment for failure to exhaust.  (ECF Nos. 32, 33.)  Defendant's motion for an extension of time to file a motion for summary judgment was granted on November 3, 2016.  (ECF No. 34.)  Defendant's motion for failure to exhaust is due thirty days after Plaintiff files his supplemental responses to Defendant's discovery requests.  On December 13, 2016, Defendant filed a declaration stating that Plaintiff had not served an opposition to the motion to compel.  (ECF No. 35.)  On December 14, 2016, the undersigned was assigned as the magistrate judge in this matter.  (ECF No. 36.)  On February 17, 2017, Defendant filed a motion to modify the scheduling order.  (ECF No. 37.)

## II.

## MOTION TO COMPEL

### A.    Legal Standard

Rule 26 of the Federal Rules of Civil Procedure provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed

response, why the information sought is relevant and why the responding party's objections are not meritorious.  Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.

Discovery is not limited to the issues raised in the pleadings but encompasses any matter that bears on or reasonably could lead to other matter that bears on any issues that is or may be in the case.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  However, discovery does have ultimate and necessary boundaries.  Oppenheimer Fund, Inc., 437 U.S. at 351. Finally, Rule 1 of the Federal Rules of Civil Procedure provides that the Federal Rules should be administered to "secure the just, speedy, and inexpensive determination of every action and proceeding."

**B.     Discussion**

Defendant propounded discovery requests regarding Plaintiff's failure to exhaust administrative remedies on September 8, 2016.  (Dec. of A. De La Torre-Fennell ¶ 4, ECF No. 33-1.)  Plaintiff served responses to the discovery requests on October 20, 2016.  (Id. at ¶ 5.) Defendant contends that Plaintiff did not fully respond to the discovery requests and seeks to compel Plaintiff to provide further responses.

1.     Interrogatories

Defendant contends that Plaintiff's responses to interrogatory nos. 3, 4, 5, 7, and 8 generally states that he has previously responded to these interrogatories in his response to interrogatory no. 2 or that the information requested is included in the complaint and such responses are inadequate.  Defendant argues that Plaintiff should be compelled to supplement his responses.

**a.     Interrogatory No. 3**

Interrogatory no 3 states "[f]or each appeal you identified in response to Interrogatory No. 1, describe in detail all specific steps you have taken to exhaust the appeals you contend you filed that are relevant to the allegations in your First Amended Complaint, including any inquiries regarding the status of the appeal.  (Defendant Horowitz's Request for Responses to

Interrogatories Re: Exhaustion of Administrative Remedies, ECF No. 33-1 at 5.[1])

In response to interrogatory number 3, Plaintiff responded:

On 6-26-14, Plaintiff filed Health Care Appeal Log. No.#MCSP-HC-14045270 (pertaining to the reinstatement of his education).  On 8-23-14, Plaintiff pursued Health Care Appeal Log No. #MCSP-HC-14045270 (pertaining to being housed on the Upper tier and my disagreement to the medication I was currently receiving). On or/about 11-3-14, Plaintiff pursued Health Care Appeal Log No. #MCSP-HC~14045270 to the Third Level; On 7-21-14, Plaintiff filed Health Care Appeal (No Log Number) pertaining to actor Horowitz and Doctor Rudas failure to initiate paper-work to change my housing status to Ground-floor. On 7-23-14, Defendant Horowitz accommodated plaintiff's request for Ground-floor status.

(Pl.'s Response to Def. Horowitz's Request for Interrogatories RE: Exhaustion of Administrative Remedies, ECF No. 33-1 at 16-17.)

Defendant sought the steps Plaintiff took to exhaust his administrative remedies and Plaintiff responded with the specific appeals that he contends exhausted his administrative remedies in this action.  As the moving party, it is Defendant's burden to describe why a particular discovery response is inadequate.  Williams v. Flint, No. CIV S-06-1238FCDGGHP, 2007 WL 2274520, at *1 (E.D. Cal. Aug. 6, 2007).  Defendant does not identify why Plaintiff's response to this interrogatory is inadequate or what additional information Plaintiff should provide to adequately respond.  Defendant's motion to compel further response to interrogatory no 3 is denied.

**b.      Interrogatory No. 4**

Interrogatory no. 4 requests Plaintiff to "[i]dentify each and every person by name and ADDRESS who you contend has knowledge of any fact supporting your contention that you filed an administrative appeal on July 21, 2014, relevant to the allegations in your complaint." (ECF No. 33-1 at 6.)   Plaintiff responded that this information was previously provided in response to interrogatory no. 2.  (ECF No. 33-1 at 17.)

Interrogatory no. 2 asks Plaintiff to identify each person who he contends has knowledge of any fact supporting his contention that he filed an inmate appeal relevant to the allegations in

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1    his complaint.  (ECF No. 33-1 at 6.)  In response, Plaintiff identified Victor Cooper.  (ECF No.

2    33-1 at 16.  Although these interrogatories are closely related, interrogatory no. 4 requests more

3    specific information than interrogatory no. 2.   Interrogatory no. 4 is seeking information in

4    general, while interrogatory no 4 is seeking individuals with knowledge regarding specific

5    events.   Rule 33 of the Federal Rules of Civil Procedure requires that each interrogatory "be

6    answered separately and fully in writing under oath."   Fed. R. Civ. P. 33(b)(3).   Therefore,

7    Plaintiff is required to answer each of the interrogatories separately.

8         Defendant's motion to compel further response to interrogatory no. 4 is granted.  Plaintiff

9    is required to provide a supplemental response to interrogatory no. 4.

10        **c.     Interrogatory No. 5**

11        Interrogatory no 5 requires Plaintiff to "[d]escribe in detail all specific steps you have

12   taken to exhaust the appeal you contend you filed on July 21, 2014, as alleged in your First

13   Amended Complaint, including any inquiries regarding the status of the appeal." (ECF No. 33-1

14   at 6).   Plaintiff responded that the information was previously produced in response to

15   interrogatory no. 3.  (ECF No. 33-1 at 17.)

16        While Plaintiff replies that the information was produced in response to interrogatory no

17   3, Plaintiff's response to interrogatory no 3 was that "[o]n 7-21-14, Plaintiff filed Health Care

18   Appeal (No Log Number) pertaining to actor Horowitz and Doctor Rudas failure to initiate

19   paper-work to change my housing status to Ground-floor." (ECF No. 33-1 at 16.)  Stating that

20   he filed an appeal does not describe in detail the steps Plaintiff took to exhaust the appeal filed

21   on July 21, 2014.  In responding to this interrogatory Plaintiff needs to set forth the specific steps

22   he took in regards to this appeal, such as who he gave the appeal to, who he spoke with, any

23   requests he made to follow up on the appeal, etc.  Defendant's motion to compel further response

24   to interrogatory no. 5 is granted.   Plaintiff is required to provide a supplemental response to

25   interrogatory no. 5.

26        **d.     Interrogatory No. 7**

27        Interrogatory no. 7 requests that Plaintiff "[i]dentify each and every person by name and

28   ADDRESS who you contend has knowledge of any fact supporting your contention that you

1  could not locate your CDC 602 Inmate Appeal concerning Defendant Horowitz that you allege

2  you filed on July 21, 2014." (ECF No. 33-1 at 6.) Plaintiff responded that this information was

3  previously produced in response to interrogatory no. 2. (ECF No. 33-1 at 18.)

4        As in interrogatory no. 4, the information requested by interrogatory no. 7 is more

5  specific than the information requested by interrogatory no. 2. Defendant is not asking who is

6  aware that Plaintiff filed an appeal but seeks to discover who has knowledge of facts to support

7  Plaintiff's contention that he could not locate the appeal. Defendant's motion to compel further

8  response to interrogatory no. 7 is granted. Plaintiff is required to provide a supplemental

9  response identifying any individual that he contends has knowledge of any fact that supports his

10  contention that he could not locate the inmate appeal he filed on July 21, 2014.

11        **e.**      **Interrogatory No. 8**

12        Interrogatory no. 8 seeks for Plaintiff to "[d]escribe all steps you took to locate your

13  CDC·602 Inmate Appeal concerning Defendant Horowitz, that you allege you filed on July 21,

14  2014, including the date and identification of all individuals you spoke with concerning access to

15  your appeal and the date and identification of all written requests you submitted for access to

16  your appeal." (ECF No. 33-1 at 7.) Plaintiff objected on the ground that the information sought

17  is included in the complaint which states that "Plaintiff filed the appeal on July 21, 2014, and

18  that Defendant Horowitz accommodated plaintiff's request for Ground-Floor-Housing on July

19  23, 2014. (ECF No. 33-1 at 18.) Plaintiff states that he therefore did not need to pursue the

20  whereabouts of the appeal. (Id.)

21        Plaintiff's response is not responsive to the request. Plaintiff needs to either state the

22  steps he took to locate his appeal or state that he did not attempt to locate the appeal.

23  Defendant's motion to compel further response to interrogatory no. 8 is granted and Plaintiff is

24  required to provide a supplemental response to interrogatory no. 8.

25        2.      Request for Production of Documents

26        Defendant contends that Plaintiff objected to the request for production of documents and

27  states that discovery is on-going. Defendant propounded three requests for documents.

28        Request for production no. 1 seeks "[a]ll DOCUMENTS supporting your contention that

1   you filed an administrative appeal on July 21, 2014, relating to Defendant Horowitz's failure to

2   initiate paper-work to change your housing assignment as you allege in the First Amended

3   Complaint. (ECF 15.)"   (Defendant Horowitz's Request for Production of Documents Re:

4   Exhaustion of Administrative Remedies, ECF No. 33-1 at 11.)  Plaintiff responded that he will

5   produce a declaration by inmate Victor W. Cooper stating that inmate Cooper composed and

6   filed the appeal on Plaintiff's behalf.   (Plaintiff's Response to Request for Production of

7   Documents Propounded to Plaintiff by Defendant, ECF No. 33-1 at 22.)

8          Request for production no. 2 seeks "[a]ll DOCUMENTS supporting your contention that

9   an appeal you filed on July 21, 2014, "disappeared," as you allege in the First Amended

10   Complaint. (ECF 15.)"   (ECF No. 33-1 at 11.)   Plaintiff responded that he will produce a

11   declaration attesting to the disappearance of the administrative appeal filed on July 21, 2014.

12   (ECF No. 33-1 at 22.)

13          Request for production no. 3 seeks "[a]ll DOCUMENTS evidencing, referring to, or

14   relating to each step you took to locate your inmate appeal which you allege you filed on July 21,

15   2014." (ECF No. 33-1 at 11.)  Plaintiff states that he will produce his own declaration dated 10-

16   11-16.  (ECF No. 33-1 at 23.)

17          Plaintiff's response that he will have responsive documents produced is not responsive to

18   these requests.   "A party must make a reasonable inquiry to determine whether responsive

19   documents exist, and if they do not, the 'party should so state with sufficient specificity to allow

20   the Court to determine whether the party made a reasonable inquiry and exercised due diligence.'

21   "  Rogers v. Giurbino, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (citations omitted).  However, a

22   party is not required to create documents where none exist.  Rogers, 288 F.R.D. at 485.  Plaintiff

23   was asked to produce all documents that exist and if no documents exist then he must so state.

24          Defendant's motion to compel further response to Defendant's request for production of

25   documents is granted.  Plaintiff is required to provide supplemental responses to the requests for

26   production of document.  If the only documents that exist are those Plaintiff had created after

27   receiving the request for production he must so state and indicate that no other documents exist.

28   / / /

### III.

### MOTION TO MODIFY THE SCHEDULING ORDER

Defendant seeks modification of the scheduling order in order to allow Plaintiff to respond to the discovery requests and file a motion for summary judgment on failure to exhaust. Further, Defendant seeks to modify the scheduling order to allow the parties to engage in merits discovery should the motion for summary judgment for failure to exhaust be denied.

Amendments of the scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure which provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The district court has broad discretion in supervision of the pretrial phase of litigation. Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). Rule 16's good cause standard considers the diligence of the party seeking amendment and the pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). While prejudice to the opposing party could "supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson, 975 F.2d at 609. Therefore, if the party moving for amendment of the scheduling order has not demonstrated diligence, the inquiry should end and the motion should be denied. Id.

Defendant timely filed the current motion to compel which has been pending while the dates set in the current scheduling order expired. Defendant has been unable to file a motion for summary judgment on exhaustion while waiting for the Court to decide the motion to compel. The Court finds that good cause exists to issue an amended scheduling order resetting all dates in this action. Defendant's motion to amend the scheduling order is granted.

The scheduling order in this action was issued while this action was assigned to District Judge Ralph Beistline. Subsequently the action was reassigned to the dockets District Judge Lawrence J. O'Neil and Magistrate Judge Stanley A. Boone. Accordingly, the Court shall issue the appropriate judge specific scheduling order.

/ / /

#### IV.

#### ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  Defendant's motion to compel further responses is GRANTED IN PART AND DENIED IN PART as follows:

    a.  Defendant's motion to compel further responses to interrogatory no. 3 is DENIED;

    b.  Defendant's motion to compel further responses to interrogatories nos. 4, 5, 7, and 8 is GRANTED;

    c.  Defendant's motion to compel further responses to the request for production of documents nos. 1, 2, and 3 is GRANTED; and

    d.  Plaintiff is required to serve supplemental responses within **thirty (30)** days from the date of service of this order;

2.  Defendant's motion to modify the scheduling order is GRANTED;

3.  The Clerk's Office is DIRECTED to issue a second scheduling order in this matter; and

4.  Plaintiff is advised that failure to comply with this order may result in the issuance of sanctions up to and including dismissal of this action.

IT IS SO ORDERED.

Dated:   __July 13, 2017__                    _____

                                             UNITED STATES MAGISTRATE JUDGE