# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THURMAN GAINES,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPT. OF CORRECTIONS, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-00587-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)<br>(ECF No. 42)<br><br>FOURTEEN-DAY DEADLINE |

**I.**

**INTRODUCTION**

Plaintiff Thurman Gaines is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's Second Amended Complaint against Dr. E. Horowitz for deliberate indifference in violation of the Eighth Amendment. (ECF No. 19.)

On September 18, 2017, Plaintiff filed a notice of voluntary dismissal without prejudice, pursuant to Fed. R. Civ. P. 41(a). (ECF No. 42.)

**II.**

**VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Plaintiff does not specify under what provisions of Rule 41 that he seeks to dismiss this action. "[U]nder Rule 41(a)(1)(i), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment." Commercial Space Mgmt.

1

Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (quotation and citation omitted). Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff may request dismissal after an opposing party has served a motion for summary judgment "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Here, Defendant Horowitz has filed an answer to the Second Amended Complaint, with a demand for a jury trial. (ECF No. 27.) Therefore, Plaintiff's notice is properly construed as a motion requesting dismissal pursuant to Rule 41(a)(2).

"A motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal." Hepp v. Conoco, Inc., 97 F. App'x 124, 125 (9th Cir. 2004) (citations omitted). "Legal prejudice is prejudice to 'some legal interest, some legal claim, [or] some legal argument.'" Maxum Indem. Ins. Co. v. A-1 All Am. Roofing Co., 299 F. App'x 664, 666 (9th Cir. 2008) (quoting Westlands Water Dist. V. United States, 100 F.3d 94, 97 (9th Cir. 1996)). "One circumstance in which a defendant suffers legal prejudice is where a voluntary dismissal potentially unravels the effect of an earlier legal ruling. Put another way, plaintiffs may not use Rule 41(a)(2) to avoid or undo the effect of an unfavorable order or ruling." RMD Concessions, LLC v. Westfield Corp., 194 F.R.D. 241 (E.D. Va. 2000).

A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the district court. Hamilton v. Firestone Tire & Rubber Co. Inc., 679 F.2d 143, 145 (9th Cir. 1982). In most cases where terms are imposed, the terms "have involved conditions that require payment of costs and attorney's fees." LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 603 (5th Cir. 1976) (citations omitted). However, the court "is not limited to conditions of payment of costs, expenses and fees. The dismissal may be conditioned upon the imposition of other terms designed to reduce inconvenience to the defendant." Id. (citations omitted).

In this case, on August 24, 2017, Defendant filed a motion for sanctions against Plaintiff based on the failure to produce discovery responses in violation of the Court's order. (ECF No. 40.) On July 14, 2017, the Court issued an order granting Defendant's motion to compel discovery responses regarding the exhaustion of administrative remedies, and ordered Plaintiff to produce them within

thirty (30) days of that order. Defense counsel declares that Plaintiff has failed to do so, and requested terminating sanctions or, in the alternative, evidentiary sanctions against Plaintiff. Defendant argues in the motion that Plaintiff's failure to respond has prejudiced Defendant by hampering her efforts to investigate Plaintiff's allegations and prepare a motion for summary judgment for the failure to exhaust administrative remedies, and by requiring the repeated preparation of motions regarding this discovery. As stated in Defendant's reply in support of the motion for sanctions, Plaintiff has not filed any response or opposition to the motion, although a response is overdue. (ECF No. 41.) Instead, Plaintiff filed the instant request for voluntary dismissal without prejudice.

A dismissal at this juncture in this action would prejudice Defendant's legal rights concerning the production of the discovery previously ordered in this case, which Defendant has argued is necessary for the proper preparation of her defenses here. The Court therefore recommends, for protection of Defendant, that the production of the discovery responses as set forth in the Court's July 14, 2017 order, within a reasonable deadline, be a prerequisite to a voluntary dismissal without prejudice. By requiring that Plaintiff produce the discovery under such circumstances, the Defendant will be protected from any prejudice by a dismissal. See Eaddy v. Little, 234 F. Supp. 377, 381 (E.D.S.C. 1964) (ordering production of certain documents as prerequisite to a voluntary dismissal with prejudice); see also In re Vitamins Antitrust Litig., 198 F.R.D. 296, 305-06 (D.D.C. 2000) (conditioning voluntary dismissal without prejudice and without costs on production of responses to document requests and interrogatories previously noticed).

### III.
### CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Plaintiff's motion to voluntarily dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) (ECF No. 42), be granted, on the condition that Plaintiff produce the discovery responses ordered as set forth in the Court's July 14, 2017 order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written

| | |
|---|---|
| 1 | objections with the court. The document should be captioned "Objections to Magistrate Judge's |
| 2 | Findings and Recommendations." The parties are advised that failure to file objections within the |
| 3 | specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on |
| 4 | appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d |
| 5 | 1391, 1394 (9th Cir. 1991)). |

IT IS SO ORDERED.

Dated: **September 20, 2017**

UNITED STATES MAGISTRATE JUDGE