# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THURMAN GAINES, | ) Case No.: 1:15-cv-00587-LJO-SAB (PC) |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S MOTION FOR WITHDRAWAL OF VOLUNTARY DISMISSAL |
| v. | ) |
| DR. HOROWITZ, | ) (ECF No. 47) |
| Defendant. | ) |

Plaintiff Thurman Gaines is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's Second Amended Complaint against Dr. E. Horowitz for deliberate indifference in violation of the Eighth Amendment. (ECF No. 19.)

**I.     Relevant Procedural History**

As the parties are aware of the lengthy procedural history of this action, the Court will only briefly summarize the relevant matters.

On July 14, 2017, the Court issued an order granting Defendant's motion to compel discovery responses regarding the exhaustion of administrative remedies, and ordered Plaintiff to produce them within thirty (30) days of that order. (ECF No. 38.) On August 24, 2017, Defendant filed a motion for sanctions against Plaintiff, arguing that Plaintiff failed to produce discovery responses in violation of the Court's July 14, 2017 order. (ECF No. 40.) Plaintiff did not file any response or opposition to the

1

motion for sanctions within the time permitted. Instead, on September 18, 2017, Plaintiff filed a notice of voluntary dismissal without prejudice. (ECF No. 42.)

On September 20, 2017, the assigned Magistrate Judge issued findings and recommendations recommending that Plaintiff's notice be construed as a motion requesting dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (ECF No. 43.) The assigned Magistrate Judge further recommended that the voluntary dismissal be conditioned on Plaintiff being required to produce the discovery responses ordered in the July 14, 2017 order, to prevent prejudice to Defendant. (Id. at 3.) The parties were notified that objections could be filed within fourteen days of the findings and recommendations. (Id. at 3-4.) No objections were filed.

On October 17, 2017, the Court adopted the findings and recommendations in full. (ECF No. 44.) The Court ordered that Plaintiff had thirty days to produce the discovery responses to Defendant, and to file a notice of fulfillment. (Id.)

On November 13, 2017, Plaintiff sought an extension of time to produce the discovery responses to Defendant, (ECF No. 45), which was granted on November 14, 2017, (ECF No. 46). On December 7, 2017, Plaintiff filed a notice of compliance, indicating that was complying with the October 17, 2017 order, and producing discovery responses in that filing. (ECF No. 48).[1]

Concurrently with his notice of compliance, Plaintiff also filed the instant request for withdrawal of his motion to voluntarily dismiss this action. (ECF No. 47.) Plaintiff asserts that he attempted a voluntary dismissal based on advice that he no longer agrees with, and therefore requests to withdraw his motion.

## II.     Motion for Withdrawal of Voluntary Dismissal

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, "the dismissal of the action is contingent both 'upon order of the court' and 'upon such terms and conditions as the court deems proper.'" Lau v. Glendora Unified Sch. Dist., 792 F.2d 929, 930 (9th Cir. 1986) (quoting Fed. R. Civ. P. 41(a)(2)). "In other words, the voluntary dismissal cannot take effect until a court order has been entered and the terms and conditions imposed by the court are complied with. This grants to the

---

[1] The Court notes that Defendant disputes whether Plaintiff has in fact fully complied with the requirement to produce the discovery responses, and has filed a motion for sanctions regarding that issue. (ECF No. 49.) That motion is not yet briefed and remains pending, and the Court takes no position on the merits of that motion.

2

plaintiff the option to refuse the voluntary dismissal if the conditions imposed are too onerous." Id. (citations omitted).

A plaintiff may either accept the conditions imposed by the Court, or withdraw his dismissal motion and proceed with the case on the merits. See Id. at 931-932 (quoting GAF Corp. v. Transamerica Ins. Co., 665 F.2d 364, 367-68 (D.C. Cir. 1981)). The motion must be withdrawn within a reasonable time. See Unioil, Inc. v. E.F. Hutton & Co., Inc., 809 F.2d 548, 555 (9th Cir. 1986) ("[A] plaintiff who knows or has reason to know that he may withdraw his motion for dismissal will be deemed to have consented to the conditions attached to the voluntary dismissal unless he withdraws his motion within a reasonable time."), implied overruling on other grounds by Townsend v. Holman Consulting Corp., 929 F.2d 1358 (9th Cir. 1990).

Here, the Court has not yet entered any order dismissing this case, and the Court finds that Plaintiff's motion for withdrawal was made within a reasonable time of the October 17, 2017 order setting the terms for voluntary dismissal. Therefore, the Court will grant Plaintiff's request to withdraw his motion for voluntary dismissal.

### III. Conclusion and Order

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to withdraw his motion for voluntarily dismissal of this action, filed on December 7, 2017 (ECF No. 47), is granted; and

2. This case is referred to the assigned Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **December 20, 2017**          /s/ Lawrence J. O'Neill
                                      UNITED STATES CHIEF DISTRICT JUDGE

3