# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THURMAN GAINES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DR. HOROWITZ,<br><br>　　　　Defendant. | Case No.: 1:15-cv-00587-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>[ECF No. 57] |

Plaintiff Thurman Gaines is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for the appointment of counsel with declaration in support, filed on February 21, 2018. (ECF No. 57.) In support of his request, Plaintiff asserts that he cannot read or write well, that has had inmate support and counsel would better assist Plaintiff, and that his case is in discovery and has merit.

As Plaintiff has been previously informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional

| | |
|---|---|
| 1 | circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] |
| 2 | the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues |
| 3 | involved." Id. (internal quotation marks and citations omitted). |

Here, the Court does not find the required exceptional circumstances. The record reflects that Plaintiff is able to adequately articulate his claim, and the issues raised here are not particularly complex. Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.

Accordingly, Plaintiff's third motion requesting the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **February 23, 2018**

UNITED STATES MAGISTRATE JUDGE