**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

THURMAN GAINES,

    Plaintiff,

  v.

DR. HOROWITZ,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)

Case No.: 1:15-cv-00587-LJO-SAB (PC)

FINDINGS AND RECOMMENDATIONS
REGARDING DEFENDANT'S SECOND MOTION
FOR SANCTIONS

**FOURTEEN (14) DAY DEADLINE**

**I.**

**INTRODUCTION**

  Plaintiff Thurman Gaines is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's Second Amended Complaint against Dr. E. Horowitz for deliberate indifference in violation of the Eighth Amendment. (ECF No. 19.)

  Currently before the Court is Defendant's second motion for sanctions, filed on December 18, 2017. (ECF No. 49.) After being granted an extension of time, (ECF No. 53), Plaintiff filed an opposition on January 22, 2018. (ECF No. 54.) On January 29, 2018, Defendant filed a reply. (ECF No. 55.) The motion is deemed submitted. Local Rule 230(l).

## II.

## DISCUSSION

### A.     Arguments

Defendant's motion seeks terminating sanctions for Plaintiff's failure to comply with this Court's July 14, 2017 order compelling Plaintiff to provide certain discovery responses. Defendants sought the information in order to prepare a motion for summary judgment for the failure to exhaust administrative remedies.

Subsequent to issuing that order, Plaintiff requested voluntary dismissal of this action, without prejudice, (ECF No. 41), which the Court granted, on the condition that Plaintiff produce the discovery responses as set forth in the July 14, 2017 order, (ECF No. 44). Plaintiff was later granted an extension of time to comply, (ECF No. 46), and then, on December 7, 2017, sought to withdraw his request for voluntary dismissal. (ECF No. 47.) That request was granted. (ECF No. 50). In the meantime, Defendant filed this motion on the basis that Plaintiff only provided partial responses to several of the discovery requests he was required to respond to by the Court's July 14, 2017 order. Specifically, Defendant seeks terminating sanctions, or in the alternative, an evidentiary sanction barring Plaintiff from using any undisclosed evidence in this action.

In opposition, Plaintiff responds that he made a good faith effort to respond to the discovery requests, and as a layman, did not fully understand the requests but attempted to provide the requested information. Plaintiff further provided amended and supplemental responses with the opposition in an effort to fully comply with the Court's order.

In reply, Defendant states that Plaintiff has now provided sufficient supplemental responses in opposition to the motion for sanctions. However, Defendant argues that Plaintiff had this information when he was originally served with the requests, and has not explained why he delayed this litigation and wasted resources by failing to provide all requested information until this late date.

### B.     Analysis

Defendants seek terminating sanctions for Plaintiff's failure to comply with discovery requests pursuant to Rule 37 of the Federal Rules of Civil Procedure, which "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of

discovery or with court orders enforcing those rules." Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983); see also Fed. R. Civ. P. 41(b); Local Rule 110.

Dispositive sanctions may be warranted where "discovery violations threaten to interfere with the rightful decision of the case." Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1097 (9th Cir. 2007). The Ninth Circuit has identified five factors that a court must consider when a party seeks terminating sanctions: "(1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [party seeking terminating sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1385 (9th Cir. 1988).

On balance, the Court finds that the factors here weigh against dismissal of this action. Although there has been a significant delay in this litigation, Plaintiff has now complied with the Court's order requiring that he provide discovery responses, and Defendant has acknowledged that the responses are adequate. The management of the Court's docket and the expeditious resolution of this matter can be aided by the setting of immediate deadlines for the completion of discovery in this case and of deadlines for filing dispositive motions here. The public policy favoring disposition of cases on their merits also weighs against terminating this case.

Finally, with respect to less drastic alternatives, Defendant seeks for Plaintiff to be barred from using any information that has not been disclosed, although now his responses appear sufficient. The Court finds this to be an appropriate, given the multiple opportunities Plaintiff has been given to fully respond to these discovery requests. Therefore, the Court will recommend that Plaintiff be prohibited from supporting his case or opposing Defendant's defenses with any evidence not disclosed in response to Defendant's exhaustion interrogatories or requests for production of documents.

### III.

### RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for terminating sanctions, filed on December 18, 2017 (ECF No. 49), be denied; and

3

2.      Plaintiff be prohibited from supporting his case or opposing Defendant's defenses with any evidence not disclosed in response to Defendant's exhaustion interrogatories or requests for production of documents.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**March 22, 2018**__                                  _____

                                                UNITED STATES MAGISTRATE JUDGE

4