# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THURMAN GAINES, | Case No. 1:15-cv-00587-LJO-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S FOURTH MOTION FOR APPOINTMENT OF COUNSEL OR GUARDIAN AD LITEM |
| v. | |
| DR. HOROWITZ, | (ECF No. 74) |
| Defendant. | |

Plaintiff Thurman Gaines is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's fourth motion for appointment of counsel or guardian ad litem, filed on April 11, 2019. (ECF No. 74.) In support of his request, Plaintiff asserts that, while he has received inmate assistance with all previous and the current filings, he will be unable to receive any inmate assistance in the future. Given that he has a mental health disorder and is mentally disabled, Plaintiff argues that he is unable to articulate his claims clearly in light of the complexity of the legal issues involved in this case. Finally, Plaintiff asserts that, when it comes to the likelihood of success of the merits, his claims must be taken as true in the light most favorable to him, at this point in the proceedings.

However, first, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any

1

attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Initially, while the Court has screened Plaintiff's second amended complaint and determined that Plaintiff has alleged a cognizable claim for deliberate indifferent to serious medical need against Defendant Dr. Horowitz, Plaintiff has failed to provide the Court with any evidence establishing that there is a strong likelihood that Plaintiff will succeed on the merits of his deliberate indifference claim. Further, the record reflects that Plaintiff can adequately articulate his claim and the issues raised in this case are not particularly complex. Therefore, the Court fails to find the exceptional circumstances necessary to justify granting a request for voluntary assistance of counsel.

Second, Plaintiff requests the appointment of a guardian ad litem pursuant to Federal Rule of Civil Procedure 17(c)(2). Rule 17(c)(2) provides, in relevant part, that: "The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." However, Plaintiff's mental health diagnosis and/or his mental disability do not establish that Plaintiff is incompetent. Since Plaintiff has not demonstrated that he is incompetent, the Court denies Plaintiff's request for appointment of a guardian ad litem.

///
///
///
///

Accordingly, Plaintiff's fourth motion for appointment of counsel or guardian ad litem, (ECF No. 74), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __**April 15, 2019**__

_____
UNITED STATES MAGISTRATE JUDGE