| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| THURMAN GAINES, | Case No. 1:15-cv-00587-LJO-SAB (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANT'S REQUEST TO STAY DISCOVERY AND TO MODIFY THE AMENDED SCHEDULING ORDER |
| v. | |
| DR. HOROWITZ, | |
| Defendant. | (ECF No. 85) |

Plaintiff Thurman Gaines is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on April 16, 2015. (ECF No. 1.) On April 9, 2018, the Court granted Defendant Horowitz's motion for terminating sanctions and dismissed this case. (ECF No. 61.)

On December 3, 2018, the United States Court of Appeals for the Ninth Circuit reversed and remanded this case finding that the instant action was improperly dismissed as a sanction for Plaintiff's failure to comply with discovery obligations. (ECF No. 69.) The mandate issued on April 2, 2019. (ECF No. 72.)

On April 4, 2019, the Court issued an amended scheduling order, setting new deadlines for the filing of a motion for summary judgment for failure to exhaust administrative remedies, for the completion of all merits-based discovery, and for filing dispositive motions. (ECF No.

1

73.)

On May 10, 2019, Defendant filed a motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 77.) On July 1, 2019, Plaintiff filed his opposition to Defendant's exhaustion-based summary judgment motion. (ECF No. 81.) On July 19, 2019, Defendant filed a reply in support of her exhaustion-based summary judgment motion. (ECF No. 84.)

Currently before the Court is Defendant's request to vacate discovery deadlines and to stay discovery, which the Court construes as a motion to stay merits-based discovery and to modify the April 4, 2019 amended scheduling order. Since Defendant's counsel has provided a declaration under penalty of perjury stating that Plaintiff has confirmed by telephone that he does not oppose Defendant's motion, the Court finds that a response from Plaintiff is unnecessary and the motion is deemed submitted. Local Rule 230(l).

# I.

# DISCUSSION

## A. Motion for Protective Order

The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (*per curiam*); Hunt, 672 F.3d at 616; Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Federal Rule of Civil Procedure 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue). The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (*en banc*); see also Gibbs v. Carson, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014).

The failure to exhaust is an affirmative defense, and Defendant is entitled to judgment on Plaintiff's claim against her if the Court determines the claim is unexhausted. Albino, 747 F.3d at 1166. Thus, the pending exhaustion motion has the potential to bring final resolution to this action, obviating the need for merits-based discovery. Gibbs, 2014 WL 172187, at *3. In Albino, the Ninth Circuit recognized that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims," and "discovery directed to the merits of the suit" should be left until later. Albino, 747 F.3d at 1170. To the extent that the non-moving party needs specific discovery to address issues raised in a dispositive motion, the non-moving party is entitled to seek redress. Fed. R. Civ. P. 56(d); Albino, 747 F.3d at 1170-71; Wyatt v. Terhune, 315 F.3d 1108, 1115 n.7 (9th Cir. 2003), overruled on other grounds by Albino, 747 F.3d at 1168-69. Here, Plaintiff does not oppose the stay of merits-based discovery. Therefore, Defendant is entitled to the discovery stay she seeks. Accordingly, in the absence of any actual prejudice to Plaintiff and good cause having been shown, Defendant's motion to stay all merits-related discovery pending resolution of her exhaustion-based summary judgment motion shall be granted. Fed. R. Civ. P. 26(c); Albino, 747 F.3d at 1170-71.

**B.      Motion to Modify the Amended Scheduling Order**

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

Defendant argues that, since defense counsel was reasonably diligent in bringing the pending exhaustion-based motion for summary judgment, Defendant currently moves for a stay of merits-based discovery, and discovery requests must be served well in advance of the discovery deadline in order to allow time for the other party to respond and to deal with any potential motion to compel response, good cause exists to modify the discovery deadline. Finally, Defendant asserts that Plaintiff does not oppose the request to modify the amended scheduling

order.

Having considered Defendant's request, the Court finds good cause to modify both the discovery and dispositive motion deadlines. Defendant has been diligent in filing the potentially dispositive exhaustion-based summary judgment motion, and it would be a waste of the resources of the Court and the parties to require the parties to conduct potentially unnecessary discovery or to file potentially unnecessary dispositive motions. Further, Plaintiff will not be prejudiced by any modification, as the Court will reset the applicable deadlines, if necessary, after Defendant's exhaustion-based summary judgment motion is decided.

Accordingly, it is HEREBY ORDERED that:

1. Defendant's motion to stay discovery, (ECF No. 85) is GRANTED, and all merits-based discovery is stayed;
2. Defendant's motion to modify the April 4, 2019 amended scheduling order, (ECF No. 85), is GRANTED;
3. The discovery and dispositive motion deadlines are VACATED;
4. If necessary, the Court will lift the stay on all merits-based discovery and reset the discovery and dispositive motion deadlines following the resolution of Defendant's pending exhaustion-based summary judgment motion.

IT IS SO ORDERED.

Dated: **July 26, 2019**

UNITED STATES MAGISTRATE JUDGE