| | |
|---|---|
| THURMAN GAINES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-00587-LJO-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING, WITHOUT PREJUDICE, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON NON-EXHAUSTION GROUNDS, AND REFERRING MATTER FOR <u>ALBINO</u> EVIDENTIARY HEARING<br><br>(ECF Nos. 77, 87) |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

Plaintiff Thurman Gaines is a state prisoner proceeding *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 5, 2019, the assigned Magistrate Judge issued findings and recommendations recommending that Defendant Horowitz's motion for summary judgment on the issue of exhaustion be denied without prejudice, and that this matter be set for an <u>Albino</u> evidentiary hearing on the issue of whether Plaintiff filed an administrative appeal grieving Defendant's denial of a lower tier and lower bunk chrono. (ECF No. 87.) The parties were granted thirty (30) days to file written objections to the findings and recommendations. (<u>Id.</u> at 25-26.) On October 7, 2019, Defendant timely filed objections. (ECF No. 90.) Following an extension of time, Plaintiff timely filed his objections on November 1, 2019. (ECF No. 92.)

Defendant filed a response to Plaintiff's objections on November 14, 2019. (ECF No. 93.)

In Defendant's objections, Defendant argues that summary judgment should be granted in Defendant's favor because Plaintiff had not exhausted all of his available administrative remedies before he filed this action. (ECF No. 90.) First, Defendant argues that Plaintiff's allegation that he filed a relevant grievance that was never processed is only supported by self-serving inmate declarations and fails to establish a triable issue of whether prison officials prevented or interfered with Plaintiff's attempts to exhaust his administrative remedies. (Id. at 2-3, 5-6.) However, "[a]lthough the source of the evidence may have some bearing on its credibility and on the weight it may be given by a trier of fact, the district court may not disregard a piece of evidence at the summary judgment stage solely based on its self-serving nature." Nigro v. Sears, Roebuck & Co., 784 F.3d 495, 498 (9th Cir. 2015). Further, the undersigned agrees with the Magistrate Judge's determination that the declarations of Plaintiff, Victor Cooper, and Darrell Harris create a triable issue of fact regarding whether prison officials prevented Plaintiff from exhausting his administrative remedies by losing and failing to process the administrative appeal of Defendant's denial of Plaintiff's request for a lower tier and lower bunk chrono that Plaintiff states he submitted on July 21, 2014. Therefore, Defendant's first objection is overruled.

Second, Defendant argues that, even presuming that Plaintiff did submit a relevant grievance on July 21, 2014 and that Plaintiff's grievance was lost and not processed by prison officials, Plaintiff has still not exhausted all of his administrative remedies prior to filing this action because Plaintiff did not file a new grievance on the same topic or file a grievance asking for the missing grievance to be reinstated. (ECF No. 90, at 2.) However, the undersigned finds that no regulation requires an inmate to file a new grievance on the same topic or file a new grievance regarding the missing grievance in order to exhaust administrative remedies. Further, the undersigned agrees with the Magistrate Judge that, while Plaintiff could have filed a request pursuant to California Code of Regulations, title 15, § 3086(a) asking about the status of the grievance he submitted on July 21, 2014, Plaintiff's failure to file such a request only goes to Plaintiff's credibility, not to the exhaustion requirement. Therefore, Defendant's second objection is overruled.

In Plaintiff's objections, Plaintiff contends that the Magistrate Judge's findings and recommendations should be adopted except for the portion of the findings and recommendations recommending that the undersigned preclude Plaintiff from using any evidence that was not disclosed by the January 22, 2018 opposition to Defendant's motion for sanctions in opposition to Defendant's motion for summary judgment or at any Albino evidentiary hearing. (ECF No. 87, at 7-11.) Plaintiff first argues that the Court should decline to adopt the recommendation regarding the sanction because Plaintiff believes that he likely did disclose the witnesses, Albert Sanchez and Norberto Robancho, prior to January 22, 2018. (ECF No. 92, at 2.) However, while Plaintiff provided letters and declarations from Albert Sanchez and Norberto Robancho to the Court on December 7, 2017, the documents related only to Plaintiff's alleged falls. (ECF No. 48, at 33-35, 37.) The letters and declarations did not disclose that the inmates had knowledge that Plaintiff had submitted an inmate grievance regarding Defendant's denial of Plaintiff's request for a lower tier and lower bunk chrono. Therefore, the first time that Plaintiff disclosed that Inmates Sanchez and Robancho had any knowledge regarding Plaintiff's attempt to exhaust administrative remedies was in Plaintiff's opposition to Defendant's motion for summary judgment, filed pursuant to the prison mailbox rule on June 27, 2019 and docketed on July 1, 2019. Consequently, Plaintiff's first objection is overruled.

Second, Plaintiff argues that the undersigned should decline to adopt the recommendation regarding the evidentiary sanction because, in their memorandum decision vacating the undersigned's grant of terminating sanctions, the Ninth Circuit Court of Appeals stated that "it is not clear whether an evidentiary sanction is warranted given that Gaines eventually complied with his discovery obligations to defendant's satisfaction." (ECF No. 69, at 2.)

Upon remand, the District Court must proceed on the terms of the Ninth Circuit's mandate. Stacy v. Colvin, 825 F.3d 563, 567-68 (9th Cir. 2016). The District Court may, however, decide anything not foreclosed by the mandate, so long as the District Court does not take actions that contradict it. Id. at 568; Firth v. United States, 554 F.2d 990, 993-94 (9th Cir. 1977) (". . . a mandate is controlling as to all matters within its compass, while leaving any issue not expressly or impliedly disposed of on appeal available for consideration by the trial court on

remand."). Furthermore, while the "law of the case" doctrine limits district court reconsideration of issues previously determined, the doctrine does not apply to issues or claims that were not actually decided. Mortimer v. Baca, 594 F.3d 714, 720 (9th Cir. 2010); Odima v. Westin Tucson Hotel, 53 F.3d 1484, 1497 (9th Cir. 1995).

In this case, the Ninth Circuit's mandate was to vacate the undersigned's grant of terminating sanctions and to remand the action for further proceedings. (ECF No. 69, at 2-3.) While the Ninth Circuit's memorandum decision stated that it was not clear whether an evidentiary sanction was warranted, the Court finds that this language does not foreclose the imposition of an evidentiary sanction on grounds not actually decided by the Ninth Circuit. Therefore, the undersigned finds that imposition of an evidentiary sanction prohibiting Plaintiff from using any evidence that was not disclosed by Plaintiff's January 22, 2018 opposition to Defendant's motion for sanctions or Plaintiff's prior discovery responses to support his opposition to Defendant's motion for summary judgment or at any Albino evidentiary hearing is appropriate in the instant action. See Cassett v. Stewart, 406 F.3d 614, 621 (9th Cir. 2005) (district court is free to do anything not foreclosed by the mandate or counter to the "spirit" of the circuit court's decision) (quoting United States v. Kellington, 217 F.3d 1084, 1092-93 (9th Cir. 2000)). Consequently, Plaintiff's second objection is overruled.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's and Defendant's objections, the Court finds that the findings and recommendations are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on September 5, 2019, (ECF No. 87), are adopted in full;
2. Defendant Horowitz's motion for summary judgment for failure to exhaust administrative remedies, (ECF No. 77) is DENIED WITHOUT PREJUDICE;
3. This matter be set for an Albino hearing on the issue of whether Plaintiff filed an administrative appeal grieving Defendant's denial of a lower tier and lower bunk

chrono; and

4. This matter is referred back to the assigned Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated: __**January 15, 2020**__           _____/s/ Lawrence J. O'Neill_____
                                            UNITED STATES DISTRICT JUDGE