UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THURMAN GAINES,<br><br>             Plaintiff,<br><br>       v.<br><br>CALIFORNIA DEPT. OF CORRECTIONS et al.,<br><br>             Defendants. | Case No.: 1:15-cv-00587-NONE-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS FOR ATTENDANCE OF WITNESSES COOPER AND HARRIS, DENYING PLAINTIFF'S MOTIONS FOR ATTENDANCE OF WITNESSES SANCHEZ AND ROBANCHO, AND DENYING PLAINTIFF'S MOTION FOR ATTENDANCE OF UNINCARCERATED WITNESSES<br><br>(ECF Nos. 98, 99, 100, 101, 102) |

Plaintiff Thurman Gaines is proceeding *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

This case is currently set for an evidentiary hearing on the issue of exhaustion of the administrative remedies on November 13, 2020, at 10:00 a.m. before the undersigned.

On September 30, 2020, Plaintiff filed five separate motions for the attendance of witnesses at the evidentiary hearing on November 13, 2020. (ECF Nos. 98-102.) Defendant opposes three of Plaintiff's requests. (ECF No. 104.)

**I.**

**DISCUSSION**

The uncertainty regarding whether or not the proposed witnesses are willing to testify voluntarily does not preclude this Court from ordering their transportation. Rather, in determining

1

whether to grant Plaintiff's motion for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, and (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

Plaintiff seeks the attendance Plaintiff requests the attendance of following four inmate-witnesses: (1) Victor W. Cooper, CDCR #E35305; (2) Darrell E. Harris, CDCR #AH7852; (3) Albert Sanchez, CDCR #F11742; and (4) Norberto Robancho, CDCR #J14091. (ECF Nos. 98-101.) Plaintiff also seeks the attendance of Physician Assistant T. Byers, Health Care Appeal's Coordinator L.D. Zamora, Dr. Horowitz, Dr. Rudas, Registered Nurse S. Cornell, Correctional Officer Greenwall, and Correctional Officer Meyberry. (ECF No. 102.)

Defendant opposes the attendance of inmate-witnesses Albert Sanchez and Norberto Robancho. Defendant also opposes Plaintiff's motion for attendance of unincarcerated individuals as improper.

As an initial matter, the Court will grant Plaintiff's motions for the attendance of inmate-witnesses Victor W. Cooper, CDCR #E35305 and Darrell E. Harris, CDCR #AH7852, as unopposed and that Plaintiff has sufficiently demonstrated that their presence at the evidentiary hearing will substantially further resolution of the case. The Court will issue the necessary writs of habeas corpus ad testificandum for the witnesses to appear by video in due course.

### A. Inmate-Witnesses Sanchez and Robancho

As stated in the September 6, 2019 Findings and Recommendations, Plaintiff willfully failed to comply with a court order requiring discovery responses, and as a sanction for noncompliance, the Court excluded any inmate-witnesses Albert Sanchez and Norberto Robancho in deciding whether Plaintiff has exhausted his administrative remedies. (ECF No. 87 at 7-11; see also ECF No. 94 at 3-4.)

Plaintiff requests that the Court "reconsider" its previously order excluding testimony by Robancho and Sanchez. (ECF Nos. 100 & 101 at 2.) Plaintiff argues "there was no unfair surprise or prejudice to CDCR affiliated Defendants that inmates who witnessed the injuries, who lived in the same building, would also have knowledge of the grievance process." (ECF No. 100 at 2:14-15; ECF No. 101 at 2:16-18.) However, Plaintiff has failed to set forth any "new or different facts or circumstances" to justify reconsideration under Local Rule 230(j). Nor has Plaintiff identify any viable grounds for reconsideration under Federal Rule of Civil Procedure 60(b). As stated in the Court's January 15, 2020 order, "imposition of an evidentiary sanction prohibiting Plaintiff from using any evidence that was not disclosed by Plaintiff's January 22, 2018 opposition to Defendant's motion for sanctions or Plaintiff's prior discovery responses to support his opposition to Defendant's motion for summary judgment or at any Albino evidentiary hearing is appropriate in the instant action." (ECF No. 94 at 4:10-14.) Plaintiff's argument that his failures to disclose did not cause unfair surprise or prejudice to Defendant is unfounded as sanctions were imposed because Plaintiff's conduct was willful and prejudicial. Accordingly, Plaintiff's motion for reconsideration is denied. Accordingly, Plaintiff's motions for the attendance of inmate-witnesses Robancho and Sanchez are denied.

**B.     Attendance of Unincarcerated Witnesses**

Plaintiff moves for the attendance of several unincarcerated individuals including Defendant Horowitz and several CDCR staff members. (ECF No. 102.) Plaintiff's motion shall be denied.

The Court's September 15, 2020 order, provided the requirements to obtain the attendance of incarcerated witnesses. (ECF No. 96 at 2.) Plaintiff is advised that it is his responsibility to secure the attendance of any unincarcerated individuals who wish to testify voluntarily or refuse to testify voluntarily pursuant to the procedures set forth in Rule 45 of the Federal Rules of Civil Procedure.

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's motions for the attendance of witnesses Cooper and Harris (ECF Nos. 98, 99) are granted;

2. Plaintiff's motions for the attendance of witnesses Sanchez and Robancho (ECF Nos. 100, 101) are denied; and

3. Plaintiff's motion for the attendance of unincarcerated witnesses (ECF No. 102) is denied as improper.

IT IS SO ORDERED.

Dated:   **October 15, 2020**

UNITED STATES MAGISTRATE JUDGE