UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THURMAN GAINES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPT. OF CORRECTIONS et al.,<br><br>　　　　　Defendants. | Case No.: 1:15-cv-00587-NONE-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STOP DEDUCTION OF THE FILING FEE FOR THIS ACTION<br><br>(ECF No. |

　　　　Plaintiff Thurman Gaines is proceeding *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's motion to "quash" the deduction of the filing fee from his prison trust account statement.

　　　　As an initial matter, Plaintiff is advised that because he is represented by counsel in this action all files must be prepared and signed by him. Local Rule 131. Nonetheless, even if the Court considered the merits of Plaintiff's motion, it must be denied.

　　　　Section 1915 of Title 28 of the United States Code governs proceedings *in forma pauperis.* "Plaintiffs normally must pay [the filing fee] to file a civil complaint in federal district court, 28 U.S.C. § 1914(a), but 28 U.S.C. § 1915(a)(1) allows the district court to waive the fee, for most individuals unable to afford it, by granting *in forma pauperis* status." Andrews v. Cervantes, 493 F.3d

1

1047, 1051 (9th Cir. 2007).   However, notwithstanding being granted leave to proceed *in forma pauperis*, "if a prisoner brings a civil action..., the prisoner shall be required to pay the full amount of a filing fee" through payments deducted from the prisoner's prison trust account. 28 U.S.C. § 1915(b)(1).  After payment of an initial filing fee, if any, "the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915(b)(2).

Thus, in forma *pauperis* status allows a prisoner's case to be filed and proceed without full payment of the filing fee, but does not excuse the prisoner from payment of the filing fee in payments, over time, from the prisoner's trust account. Under the federal statute, the Court is required to collect payments for the filing fee when funds exist. 28 U.S.C. 1915(b)(1),(2).  The Court's financial record reflects that, to date, Plaintiff has paid $42.06, with a remaining balance of $307.94.  Plaintiff provides no evidence that the CDCR is not properly collecting payments for the filing fee pursuant to the Court's order. Therefore, Plaintiff's motion must be denied.

IT IS SO ORDERED.

Dated:   **January 26, 2021**

UNITED STATES MAGISTRATE JUDGE